**PRIDDY v SCHMIDT et**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1326.   Decided July 15, 1936

Jacobson & Durst, Dayton, for plaintiff.
A. P. Mercer, Dayton, and C. H. Miller, Dayton, for defendant.

## OPINION

By BODEY, J.

Submitted on the petition of the defendant, Emery Schmidt, to vacate and set aside a decree of this court and to grant a new trial. It is claimed that the decree and judgment rendered by this court were secured by fraud practiced by the plaintiff in obtaining said judgment or order (§11631, GC, par. 4) and that a new trial should be granted to the defendant because of the discovery of new evidence.

The original action was before this court on appeal and was submitted on the transcript of the testimony taken in the Court of Common Pleas. It was the claim of plaintiff that she had furnished certain moneys for the payment of two mortgages and the making of certain repairs on real estate owned by her mother, the defendant, Alice Schmidt. This court by written opinion, rendered July 1, 1935, found on the issues joined in favor of the plaintiff, Jeanette Priddy, and ordered that she be

subrogated to the rights of the Dayton Savings & Trust Company on a mortgage held by it in the sum of $1216.11 and that she also be subrogated to the rights of Frederick Hagenbucher on his mortgage in the sum of $700.00. On July 31, 1935, by written opinion the court denied an application for re-hearing. The finding of the court was journalized August 31, 1935.

The plaintiff testified in the trial court that a running stock account number 36,113 in the name of Helen Schmidt and Jeannette Priddy in the Fidelity Building Association of Dayton was made up of money of hers. Page 32 of the transcript. Further testimony was offered by her to the effect that withdrawals from this account were made for the purpose of paying off parts of the mortgages and for repairs and improvements. The plaintiff also testified that, although she was regularly employed during the week for a number of years, she also made week-end trips from Dayton to Detroit and return for the purpose of transporting liquor and that many of the deposits, which were of a sizeable amount, were realized by her in payment for her services in running liquor. On cross-examination the plaintiff admitted that in the divorce case between her mother, Alice Schmidt, and the defendant, Emery Schmidt, in the court of Judge Markey, she had appeared as a witness and that she may have stated in her testimony there that the money in The Fidelity was obtained by her from insurance upon the life of her husband. The witness did not deny that she made such statement but answered that she did not recall of making such an answer. In any event the plaintiff, in her testimony in the divorce court, had made no reference to her liquor earnings. Plaintiff's mother, Alice Schmidt, was not called as a witness, but she did file an answer admitting the allegation of the petition.

In support of the present petition herein the defendant, Emery Schmidt, attaches thereto photostatic copies of affidavits of Jeannette Priddy and her mother, Alice Schmidt, which were subscribed on January 17, 1936, and were filed on the next day in the Municipal Court of the City of Dayton in the case of Edward Hagarty, etc., plaintiff v Jeannette Kessler, etc., defendant. We quote the pertinent portion of the affidavit of Jeannette Priddy so filed:

"Jeannette Priddy. also known as Jeannette Kessler, being first duly sworn, deposes and says that she has no interest whatsoever in and to running stock account bearing No. 36113 in the Fidelity Building Association, Dayton, Ohio, and carried in the name of Alice Schmidt and/or Jeannette Priddy. That said account was placed in the joint names after the same had been begun by her mother, Alice Schmidt, to facilitate the withdrawals on said account by the affiant herein, inasmuch as said affiant's mother was unable to read or write and, therefore, unable to make such withdrawals from the Building Association without considerable difficulty, and that the affiant herein has no interest whatsoever in any wise in and to said account."

The affidavit of Alice Schmidt is quoted in full as follows:

"Now comes Alice Schmidt, who being first duly cautioned and sworn, deposes and says that she is the owner of a running stock deposit in the Fidelity Building Association, Dayton, Ohio, and bearing No. 36113, which account has been made subject of garnishment proceedings, and that the Fidelity Building Association has been ordered to hold said sums of money as garnishee in the within case.

Affiant further says that she is the sole owner of said account and that said moneys represent her property and which were deposited in her name; that said deposit was originally made by her and that the said moneys have since the date of the deposit up until this time been her property.

Affiant further says that the name of Jeannette Priddy was added to said account for the reason that the affiant herein was unable to read or write or sign her name to any withdrawal slips in order to make withdrawals therefrom, and that the name of Jeannette Priddy was added thereto in order to permit such withdrawals for and on behalf of the affiant herein without requiring the affiant's signature.

Affiant further says that the defendant, Jeannette Priddy, also known as Jeannette Kessler, has no interest whatsoever in and to said account and asks the court that the garnishment heretofore issued herein be discharged in so far as she is concerned and that the court protect her interests in and to said property."

It will thus be seen that the claim of the defendant, Emery Schmidt, in the action now before the court is based upon the inconsistencies which have appeared in the statements of the plaintiff, Jeannette Priddy, which are set forth in her oral testimony at the trial and the affidavits filed in the Municipal Court. As against this claim the plaintiff testified that after the

determination of this court she made a settlement with her mother whereby she became the owner of the house, upon which she had paid the mortgages, and the furniture therein, and that she had waived all claims to any moneys yet remaining in account No. 36113. While it is possible that such testimony is correct and truthful, it is more logical, in our judgment, to believe that the plaintiff and her mother have made an effort to place the ownership of this account where it would suit them best at a given time. This court is unable to say from a comparison of the statements contained in the affidavit which are submitted in support of this petition and the testimony which appeared in the former trial that the plaintiff, Jeannette Priddy, was not at the former time telling the truth concerning these deposits. If the correct picture was given to this court in the original hearing, then, if a fraud has now been committed by the plaintiff, Jeannette Priddy, it has been perpetrated upon the Municipal Court of the City of Dayton where these false affidavits were filed. The statements contained in the affidavits are not so diametrically opposed to the oral testimony as to warrant the court in saying and holding that a fraud has been practiced on this court by the plaintiff.

Viewed in the light of newly discovered evidence, the court must conclude that this evidence is cumulative and impeaching in its nature. Being of such character it is not sufficient to warrant the court in granting a new trial. The Supreme Court in the case of **Sheen v Kubiac, 131 Oh St, 52,** has stated the rule as follows:

"To warrant the granting of a motion for a new trial based on the ground of newly discovered evidence, it must be shown that (1) the new evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence."

While this new evidence is cumulative and impeaching, still the court is unable to say that the present evidence is true and correct as distinguished from that testimony which was given on the trial. It is our opinion that the motion for new trial must be overruled and that the petition to vacate the judgment must be denied as the record now stands. Of course, if counsel had proceeded under **Paragraph 10 of §11631, GC,** it would have been necessary to have shown a conviction of the successful party for the giving of false testimony. If such a situation was present our holding would be entirely different. An entry may be drawn in accordance with this opinion. Exceptions.

HORNBECK, J, concurs.

## DISSENTING OPINION

By BARNES, PJ.

It is regrettable that I am unable to agree with my associates on this application for a new trial.

I agree with the majority opinion wherein the following statement is made, "It is more logical in our judgment to believe that the plaintiff and her mother have made an effort to place the ownership of this account where it would suit them best at a given time."

When the above conclusion is reached it seems to me that we should go one step farther and say that these two witnesses are so discredited as to be unworthy of belief.

It should be kept in mind that our original finding supporting subrogation was based wholly on the oral testimony of Mrs. Priddy and her mother. Subrogation could not be allowed merely because the money belonged to Mrs. Priddy, if that be a fact. Under the situation in the instant case it was necessary to show an agreement authorizing subrogation. In the original opinion we excused and overlooked some marked discrepancies in the testimony of Mrs. Priddy due largely to the fact that it was reasonably apparent that it must have been her money that paid off the mortgage. In order to grant the relief we had to accept at full face the testimony of the two witnesses that an oral agreement was made some two years previous that Mrs. Priddy was to have a mortgage to protect her for money advanced for releasing the liens.

Now it develops that Mrs. Priddy is willing to make affidavit that the Building and Loan account belongs to her mother. There is shown a willingness to place the ownership of the account where it will best serve their purpose to maintain or defeat pending actions. To my mind a fraud upon the court has been established and a new trial should be granted.